**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW PROKOS,<br>Plaintiff,<br>- against -<br>FULL STACK LLC, and DOES 1-10,<br>Defendants. | Case No.: 26-cv-8032<br>PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT AND (2) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT<br>JURY TRIAL DEMANDED |

Plaintiff Andrew Prokos ("Prokos" or "Plaintiff"), by and through his undersigned attorneys, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendant Full Stack LLC intentionally does business in New York, that Prokos was damaged in this judicial district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff Andrew Prokos is a renowned professional photographer, who has done and is doing business within the state of New York.

4. Prokos is informed and believes and thereon alleges that Defendant Full Stack LLC, ("Defendant") is a Delaware Limited Liability Company registered to do business and doing business in New York County, New York. Prokos is informed and believes and thereon

alleges that Defendant posts emails, newsletters and other third-party content on its website.

5. Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Prokos's copyrights, have contributed to the infringement of Prokos's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Prokos, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

6. Prokos is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Prokos's rights and the damages to Prokos proximately caused thereby.

## **CLAIMS RELATED TO PROKOS'S PHOTOGRAPHS**

7. Prokos is a renowned and award-winning professional artist who earns his livelihood through the sale and licensing of his photographs and photography services.

8. Prokos created a photograph of the windows of Casa dos Bicos Manueline. This photograph ("Subject Photograph 1") is the subject of this dispute. The title of the photograph is "CASA-DOS-BICOS-MANUELINE-WINDOWS II". The photograph is an original photograph composed by Mr. Prokos. Prokos is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the

photograph is reproduced below:




9. Prokos created a photograph of the interior of the Guggenheim Museum in New York City. This photograph ("Subject Photograph 2") is the subject of this dispute. The title of the photograph is "GUGGHEIM-MUSEUM-INTERIOR-4-BW2x". The photograph is an original photograph composed by Mr. Prokos. Prokos is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:




10. Prokos created a photograph of a skyscape in Cape Cod, Massachusetts. This photograph ("Subject Photograph 3") is the subject of this dispute. The title of the photograph is

“CAPE-COD-PANORAMIC-SKYSCAPE-1”. The photograph is an original photograph composed by Mr. Prokos. Prokos is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:




11. Prokos created a photograph of the bow bridge in Central Park, Manhattan, in the summertime. This photograph (“Subject Photograph 4”) is the subject of this dispute. The title of the photograph is “BOW-BRIDGE-CENTRAL-PARK-SUMMER-0965”. The photograph is an original photograph composed by Mr. Prokos. Prokos is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:




12. Prokos created a photograph of the interior of the Guggenheim Museum, in New

York City. This photograph ("Subject Photograph 5") is the subject of this dispute. The title of the photograph is "INVERTED-GUGGENHEIM". The photograph is an original photograph composed by Mr. Prokos. Prokos is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:




13. Prokos's Subject Photographs 1 – 5 are collectively referred to herein as the "Subject Photographs."

14. Defendants operate a website at **www.milled.com** (the "Website") where they post emails, newsletters and other content belonging to third parties. Defendants also post display advertising alongside the third-party content and charge some visitors fee for access to the Website, generating income by through the exploitation, copying and display of such content created by and owned by others.

15. In 2023, Prokos filed suit against Full Stack in this Court for copyright infringement for Full Stack's unauthorized copying and display of certain of Prokos'

original photographs, *Prokos v. Full Stack, LLC*; Case No. 23-cv-4960 ("*Prokos v. Full Stack I*"). The photographs at issue in *Prokos v. Full Stack I* are not the same photographs at issue in this case.

16. On June 17, 2026, on the eve of trial in *Prokos v. Full Stack I*, Full Stack produced multiple screenshots from the Website that featured the Subject Photographs (set forth above).

17. Full Stack did not produce any of these screenshots during discovery in *Prokos v. Full Stack I*. Prokos objected to their introduction at trial, and Full Stack did not introduce them at trial.

18. On June 25, 2026, a jury found Full Stack liable for infringing Prokos' original photographs in *Prokos v. Full Stack I* and awarded him statutory damages for copyright infringement.

19. Prokos was not aware that Defendants had infringed his rights in the Subject Photographs until Full Stack produced additional documents containing the Subject Photographs in June 2026.

20. Prokos's investigation revealed that Defendants, and each of them, had copied and displayed Prokos's Subject Photographs (the "Infringing Photographs") on the Website, without Prokos's authorization. Defendants used the Infringing Photographs to market, advertise and generate income from Defendants' own businesses.

21. Defendants do not and never had authorization to display or otherwise use the Subject Photographs. True and correct screenshots of Defendants' infringing use of the Subject Photographs on the Website, as provided by Full Stack, are reproduced below:

22. "Infringing Photograph 1";




23. "Infringing Photograph 2";



24. “Infringing Photograph 3”;




25. “Infringing Photograph 4”,



26. “Infringing Photograph 5”,




27. “Infringing Photograph 6”,




## <u>FIRST CLAIM FOR RELIEF</u>

(For Copyright Infringement – Against all Defendants, and Each)

24. Prokos repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Prokos is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photos, including, without limitation, through viewing the Subject Photos on the internet and through newsletters containing the Subject Photos.

26. Prokos is informed and believes and thereon alleges that Defendants, and each of them, copied, distributed, used and displayed the Subject Photos on the Website

27. Prokos is informed and believes and thereon alleges that the Infringing Photographs used by Defendants and shown above, use the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photos and are identical or at least substantially similar to the Subject Photos.

28. Prokos is informed and believes and thereon alleges that Defendants, and each of them, infringed Prokos's copyrights by copying the Subject Photos and publishing, displaying and distributing the Infringing Photos to the public, including without limitation, on the Website without Prokos's authorization or consent.

29. Due to Defendants', and each of their, acts of infringement, Prokos has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Prokos's rights in the Subject Photos. As such, Prokos is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photos in an amount to be established at trial.

31. Prokos is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Defendants' continued infringement of Prokos's copyrights after receiving notice of the infringement shows their willfulness. Within the time permitted by law, Prokos will make his election between actual damages and statutory

damages.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)

32. Prokos repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Prokos is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, including information identifying the name of the author and owner of, the Subject Photos, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

34. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

35. Prokos is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Prokos resultantly seeks enhanced damage and penalties.

Wherefore, Prokos prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Prokos's copyrights in the Subject Photos, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Photographs from any print, web, or other publication owned, operated or controlled by any Defendant.

b. That Prokos be awarded all profits of Defendants, and each of them, plus all losses of Prokos, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Prokos's intellectual property rights;

d. That Prokos be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Prokos be awarded his costs and fees under the statutes set forth above;

f. That Prokos be awarded statutory damages and/or penalties under the statues set forth above;

g. That Prokos be awarded pre-judgment interest as allowed by law;

h. That Prokos be awarded the costs of this action; and

i. That Prokos be awarded such further legal and equitable relief as the Court deems proper.

Prokos demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 15, 2026

Respectfully submitted:

By: _/s/ Michael D. Steger_

Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 638-2707 (fax)
msteger@steger-law.com
Attorney for Plaintiff Andrew Prokos